1  **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America | No. CR-18-08162-PCT-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Kyle Matthew Thompson, | |
| Defendant. | |

The government has charged Defendant Kyle Thompson with four counts of travel with intent to engage in illicit sexual conduct and commission of a sex offense by a registered sex offender in violation of 18 U.S.C. §§ 2423(b), (f), and 2260A. Doc. 1. Defendant is represented by counsel, but the Court granted him leave to file a pro se motion to dismiss for lack of jurisdiction, which is now fully briefed. Docs. 33, 55, 56, 58. For the following reasons, the Court will deny the motion.

**I.    Background.**

Counts 1 and 2 of the indictment allege that in December 2016, Defendant traveled twice from Arizona to Alabama for the purpose of meeting with two 15-year-old girls to engage in illicit sexual conduct. Doc. 56 at 2-3. The government interprets Defendant's motion as arguing that the indictment fails to charge an offense, the Court has no jurisdiction over the charged conduct, the Court lacks subject matter jurisdiction, and the alleged victims are not "commerce" and were not transported. *Id.* at 3.[1]

---

[1] Defendant raises several arguments about the merits of his case and other proposed

## II. Personal and Subject Matter Jurisdiction.

Defendant asserts that the indictment "fails to charge an offense against the laws of the United States as no jurisdiction has been ceded or accepted over the place or places where the alleged criminal activity is alleged to have occurred." Doc. 55 at 3. "In ruling on a pretrial motion under Rule 12(b)(3)(B)(v) of the Federal Rules of Criminal Procedure to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment." *United States v. Alahmedalabdaloklah*, No. CR-12-01263-PHX-NVW, 2017 WL 2988236, at *1 (D. Ariz. July 13, 2017) (citing *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002)). The Court must accept as true the indictment's allegations and not consider outside evidence. *Id.*

Defendant is charged with "travel[ing] in interstate commerce [from Arizona to Alabama] . . . with a motivating purpose of engaging in [] illicit sexual conduct" with two minors. *See* Doc. 1. The indictment alleges conduct that constitutes a cognizable offense under 18 U.S.C. § 2423(b). Contrary to Defendant's assertion, the government need not prove all the elements of the charged offenses at this point in the case.

Defendant's argument that jurisdiction has not "been ceded or accepted" is unclear. He states: "[it's] not a clear location shown by the prosecution and no jurisdiction over the place the prosecution did mention," and "[t]here is no power to supers[ede] the state." Doc. 55 at 3. "Under 18 U.S.C. § 3231, federal district courts have exclusive original jurisdiction over 'all offenses against the laws of the United States.'" *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (quoting 18 U.S.C. § 3231). Defendant is charged with violating federal criminal statutes. *See* Doc. 1. Further, the Court has personal jurisdiction over Defendant "by virtue of [his] having been brought before it on a federal indictment charging a violation of federal law." *Marks*, 530 F.3d at 810; *see also United States v. Lindsey*, Civil No. 11-00664 JMS-KSC, 2013 WL 3947757, at *2 n.1 (D. Haw. July 30, 2013).

---

pre-trial motions, including that venue is improper. These issues are outside the scope of the issues Defendant was permitted to raise *pro se*, and will not be addressed. *See* Doc. 51.

Defendant asserts that the Court "has no subject-matter jurisdiction and is not an ordained and established Article III court." Doc. 55 at 3. The Court is an Article III court with subject matter jurisdiction over Defendant's alleged violation of federal law. *See Marks*, 530 F.3d at 810.

**III.    Other Jurisdictional Arguments.**

Defendant seems to misunderstand the nature of the government's charges. *See* Doc. 56 at 6-7. He asserts that he is from California and "the charge is an Alabama state local charge." Doc. 55 at 2. But Defendant is charged with violating federal law, not state law, and with beginning his travels in Arizona, which the Court must take as true for purposes of this motion to dismiss. *See Boren*, 278 F.3d at 914. Federal courts have jurisdiction over crimes committed within the States of this Nation, provided the charged crimes are federal in nature and are brought under the laws of the United States, as are the charges in this case.

Defendant asserts that "no actual commerce [exists]" and that the minor girls were not transported or selling sex. Doc. 55 at 4-5. But the government does not allege that Defendant "knowingly transport[ed] an individual who has not attained the age of 18 years in interstate or foreign commerce . . . with intent that the individual [would] engage in prostitution" under § 2423(a). *See* Doc. 56 at 7. Rather, Defendant is accused under § 2423(b) and (f) of traveling in interstate commerce with the intent to engage in illicit sexual conduct with a minor, a criminal statute enacted pursuant to Congress's Commerce Clause authority. *See* Doc. 1; *see also United States v. Tykarsky*, 446 F.3d 458, 470 (3d Cir. 2006) ("both § 2423(b) and § 2422(b) represent constitutional exercises of Congress's Commerce Clause power to regulate the use of the channels and instrumentalities of interstate commerce."); *United States v. Hawkins*, 513 F.3d 59, 61 n.1 (2d Cir. 2008) (noting that "18 U.S.C. § 2423(b) is constitutional under the Commerce Clause"); *United States v. Bredimus*, 352 F.3d 200, 207-08 (5th Cir. 2003) (same).[2]

---

[2] Defendant's reply is 29 pages of continuous text with no clear headings, raising many new arguments intertwined with Defendant's thoughts on various issues. *See* Doc. 58. The Court will not consider arguments raised for the first time in a reply brief.

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 55) is **denied**. Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to run from 6/21/2019.

Dated this 14th day of August, 2019.

*David G. Campbell*
David G. Campbell
Senior United States District Judge

---

*See Gadda v. State Bar of Cal.*, 511 F.3d 933, 937 n.2 (9th Cir. 2007); *Lentini v. Cal. Ctr. for the Arts*, 370 F.3d 837 n.6 (9th Cir. 2004). The Court has done its best to understand and consider Defendant's arguments related to jurisdiction.