**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br>vs.<br><br>Kyle Matthew Thompson,<br><br>                Defendant. | No. CR-18-08162-01-PCT-DGC<br><br>**ORDER** |

Defendant Kyle Thompson, who is charged with various sex offenses relating to minors, asks the Court to withdraw the order entered by Magistrate Judge Duncan at Docket 2 and allow him to possess documents containing the minor victims' names at the federal facility where he is housed so he may assist in preparing for trial. Doc. 92. Judge Duncan's order implements 18 U.S.C. § 3509(d)(1)(i), which requires Defendant to "keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access[.]" Defendant argues that this statute no longer applies because the victims in this case no longer are minors.

The Court does not agree. The statute requires Defendant to limit the dissemination of certain documents, and defines them as "documents that disclose the name or any other information concerning a child." 18 U.S.C. § 3509(d)(1)(i). Documents created during the events at issue in this case, such as communications by or about the minor victims, or documents created during the investigation of Defendant's alleged crimes related to the

minor victims, contain "the name or any other information concerning a child." *Id.* The focus of the statutory language is on the documents that must guarded, not on the current age of the victims, and the documents themselves clearly concern minors and crimes involving minors.

This interpretation squares with cases that have addressed similar issues. *See*, *e.g.*, *United States v. Lewis*, No. CR415-196, 2017 WL 750456, at *5 (S.D. Ga. Feb. 27, 2017) (addressing § 3509 and stating that "[t]his protection applies even when victims are no longer underage"); *Lebowitz v. United States*, No. 1:07-CR-0195-RWS-JFK, 2015 WL 630394, at *14 (N.D. Ga. Feb. 11, 2015) ("Generally, when an action involves crimes that occurred to a child victim and the victim has since become an adult, the Court continues to identify the victim by his initials, rather than his full name in the matters before the Court."); *Luttrell v. McDonald's Corp.*, No. 3:04-CV-00117-JDT-WG, 2004 WL 2750244, at *6 (S.D. Ind. Nov. 2, 2004) ("the protection of [a minor's] privacy will mean little if the cloak protecting that privacy disappears simply upon reaching the age of majority"); *see also United States v. Begay*, 673 F.3d 1038, 1040 n. 4 (9th Cir. 2011) (citing § 3509(d) and using victim's initials in 2011 appeal that involved 2002 crimes against victims who had been high school students at the time of the crime).

Defendant argues in his reply brief that § 3509(d)(1)(i) impairs his Sixth Amendment right to participate in his defense. Doc. 110 at 2. The Court will not consider arguments made for the first time in a reply brief. In addition, Defendant cites no authority for this argument and does not explain what key documents he is unable to review or why redaction of information about the victims cannot be made in those key documents.

**IT IS ORDERED** that Defendant's request to vacate Judge Duncan's order at Docket 2 (Doc. 92) is **denied**.

Dated this 11th day of July, 2020.

*David G. Campbell*
David G. Campbell
Senior United States District Judge