**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-08162-001-PCT-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Kyle Matthew Thompson, | |
| Defendant. | |

Defendant Kyle Thompson has been charged with travel with intent to engage in illicit sexual conduct in violation of 18 U.S.C. §§ 2423 (counts one and two) and commission of a sex offense by a registered sex offender in violation of 18 U.S.C. § 2260A (counts three and four).  Doc. 142.  The Court held a jury trial on counts one and two in November 2021, which ended in a mistrial.  Doc. 198.

A second trial will begin on February 14, 2022.  Doc. 219.  The government has filed a motion in limine.  Doc. 231.  Defendant has filed a response.  Doc. 233.  For reasons stated below, the Court will grant the motion.

**I.      Defendant's Motion in Limine.**

The events underlying the charges in this case involve Defendant's travel from Arizona to Alabama for the alleged purpose of engaging in illicit sexual conduct with Jane Does 1 and 2.  Defendant's conduct was first reported to the Talladega County Sheriff's Office in Sylacauga, Alabama, but no charges have been brought against Defendant by state or federal authorities in Alabama.  During the first trial, Defendant drew the jury's

attention to this lack of prosecution through cross examination of certain witnesses and in closing arguments.

The government moves to preclude Defendant from referencing the lack of Alabama charges for the conduct in this case. Doc. 231 at 1. The government argues that any such references would be incomplete, misleading, and factually incorrect because Alabama state authorities were never presented with the case and the U.S. Attorney's Office in Alabama considered the case only in its early stages before Jane Doe 2 had been identified. *Id.* at 2-3. The government also argues that charging decisions in other jurisdictions are irrelevant to Defendant's guilt or innocence. *Id.* at 3. Finally, the government asserts that any probative value in the declined charges is substantially outweighed by the danger of confusing the issues, misleading the jury, and unfair prejudice. *Id.*

Defendant counters that the evidence is both relevant and not unfairly prejudicial to the government. *See* Doc. 233. He asserts that much of the government's evidence came from the Alabama sheriff's investigation of Defendant, which involved state-led forensic examinations, and that the decision not to bring charges is "inextricably intertwined" with the evidence in this case. *Id.* at 2. It is not fair, he argues, "to keep the jurors guessing as to what actions, if any, were taken by law enforcement against the Defendant in Alabama." *Id.* Defendant also asserts that only Alabama can prosecute the sexual act that allegedly occurred between him and one of the alleged victims in this case. *Id.* at 2-3. Finally, Defendant argues that concerns about the sufficiency of the evidence in this case are not unfounded and he has the right to explore them at trial. *Id.* at 3.

Evidence that federal and state prosecuting authorities in Alabama did not pursue charges against Defendant is not relevant to Defendant's guilt or innocence of the crimes charged in the superseding indictment and is therefore inadmissible. *See* Fed. R. Evid. 401, 402. Prosecuting authorities may decide not to charge a suspect "for a variety of reasons that have nothing to do with his guilt or innocence, taking into consideration the availability of prosecutorial resources, alternative priorities, the expectation of prosecution by other authorities, or any number of other valid discretionary reasons." *United States v. Bingham*,

653 F.3d 983, 999 (9th Cir. 2011); *see also United States v. Marrero-Ortiz*, 160 F.3d 768, 775 (1st Cir. 1998) ("[E]vidence [of dropped charges] ordinarily does not prove innocence. After all, cases are dismissed for a variety of reasons, many of which are unrelated to culpability.").

Nor are other charging decisions so "inextricably intertwined" with the evidence in this case that the jury will be misled or confused in its absence.  Although it is true that the presentation of some evidence necessarily will require the jury to hear that Alabama authorities were involved, their subsequent charging decisions – or lack thereof – are not necessary to understand the evidence that was gathered.  Rather, evidence of a decision not to prosecute could mislead the jury because "we cannot attribute the government's decision not to prosecute to an independent determination that the defendant is not guilty."[1]  *United States v. Delgado*, 903 F.2d 1495, 1499 (11th Cir. 1990); *see also J.W. v. City of Oxnard*, No. CV 07-06191 CAS (SHx), 2008 WL 4810298, at *22 (C.D. Ca. Oct. 27, 2008) ("All that the decision not to prosecute can accurately show is that the District Attorney was of the opinion that the case should not be prosecuted.  This minimal probative value is outweighed by the possibility that jurors unfamiliar with the judicial process might be misled.")

Moreover, were Defendant to present evidence of no-charge decisions in Alabama, the government may well wish to elicit testimony correcting or giving context to those decisions – that is, that state authorities in Alabama were never presented with the case and federal authorities in Alabama were only presented with the case in its early stages.  This could result in confusion of the issues, undue delay, and a mini-trial on why Defendant was not charged in a distant state.  *See*, *e.g.*, *Berman v. Sink*, No. 1:13-cv-00597-SAB, 2016 WL 8730672, at *2 (E.D. Cal. May 27, 2016) ("[A]dmitting evidence that no charges were filed . . . would shift the jury's focus from the events that occurred during this incident to

---

[1] Defendant insinuates that such an independent determination was made when he conflates whether he committed a crime in Alabama with whether he was prosecuted or convicted for committing a crime in Alabama.  *See* Doc. 233 at 1 ("[T]he prosecution desires to eliminate, from the purview of the Jury, the fact that the Defendant did not commit a crime in Alabama (via no conviction) nor was he prosecuted for same.")

the hindsight of the prosecutor's potential decision not to prosecute."); *United States v. Morel*, 751 F. Supp. 2d 423, 431-32 (E.D.N.Y. 2010) (evidence of no charges would confuse and mislead the jury, result in unnecessary testimony and undue delay, and require an "elaborate" jury instruction on why it could not be considered as bearing on the guilt of the defendant).  Even if the evidence could be viewed as relevant, these considerations would substantially outweigh its minimal probative value.  *See* Fed. R. Evid. 403.

**IT IS ORDERED** that the government's MIL (Doc. 231) is **granted**.  Defendant shall not elicit evidence or make arguments about the fact that he was not prosecuted by state or federal authorities in other jurisdictions.

Dated this 4th day of February, 2022.

David G. Campbell
Senior United States District Judge

- 4 -